UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY ANTWAN SMITH,<br><br>Petitioner,<br><br>v.<br><br>RAFAEL ZUNIGA, Warden,<br><br>Respondent.[1] | No. 2:14-cv-02848 AC P<br><br>ORDER |

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis. Petitioner, who is presently incarcerated at the Federal Correctional Institution in Herlong, California, challenges a sentence imposed August 16, 2012, by the United States District Court for the Southern District of Iowa, in Case No. 4:11-cr-00015-001 RP CFB. The petition is premised on the Supreme Court's subsequent decision in Alleyne v. United States, ___U.S.___, 133 S. Ct. 2151 (2013), and petitioner's contention that a finding necessary to the imposition of his sentence should have been made by a jury rather than by the court.

---

[1] For present purposes, Rafael Zuniga, Warden of the Herlong Federal Correctional Institution, where petitioner is incarcerated, is substituted as respondent herein. Petitioner failed to name the respondent in his petition. See Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005) (the proper respondent in a habeas action filed pursuant to 28 U.S.C. § 2241 is the warden of the institution where petitioner is imprisoned); but see 28 U.S.C. § 2255 (proper respondent in an action under this statute is the United States).

1

This court construes the instant petition as a motion to vacate, correct or set aside petitioner's sentence, cognizable under 28 U.S.C. § 2255, not 28 U.S.C. § 2241. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (citations omitted). Therefore, this action should have been brought under Section 2255 in the United States District Court for the Southern District of Iowa.

Under 28 U.S.C. § 1631, if a federal court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action" to the court in which the action "could have been brought at the time it was filed." 28 U.S.C. § 1631.

Accordingly, IT IS HEREBY ORDERED that:

1. This court has not ruled on petitioner's application to proceed in forma pauperis;

2. This matter is transferred to the United States District Court for the Southern District of Iowa for all further proceedings; and

3. The Clerk of this Court is directed to close this case in this court.

DATED: March 11, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE